United States District Court
For the Northern District of California

1

2

3                     UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5                          OAKLAND DIVISION

6

7   JEROME LEROY ALLEN,

8                    Plaintiff,              No. C 13-2938 PJH (PR)

9       vs.                                  **ORDER OF SERVICE**

10  SHERIFF MIKARIMI, et. al.,

11                   Defendants.
                                        /
12

13      Plaintiff, who is currently incarcerated at San Francisco County Jail, has filed a pro

14  se civil rights complaint under 42 U.S.C. § 1983.  He has been granted permission to

15  proceed in forma pauperis.

16                          **DISCUSSION**

17  **A.     Standard of Review**

18      Federal courts must engage in a preliminary screening of cases in which prisoners

19  seek redress from a governmental entity or officer or employee of a governmental entity.

20  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

21  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

22  be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at

23  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

24  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

26  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

27  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

28  grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

United States District Court

For the Northern District of California

1    omitted).  Although in order to state a claim a complaint "does not need detailed factual

2    allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3    requires more than labels and conclusions, and a formulaic recitation of the elements of a

4    cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

5    above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

6    (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

7    plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

8    the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

9    framework of a complaint, they must be supported by factual allegations.  When there are

10   well-pleaded factual allegations, a court should assume their veracity and then determine

11   whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct.

12   1937, 1950 (2009).

13         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

14   elements:  (1) that a right secured by the Constitution or laws of the United States was

15   violated, and (2) that the alleged deprivation was committed by a person acting under the

16   color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

17   **B.     Legal Claims**

18         Plaintiff states that he is Muslim but has been denied the ability to have group

19   worship, while non-Muslims are able to participate in group worship.  This claim is sufficient

20   to proceed as a free exercise and Religious Land Use and Institutionalized Persons Act

21   (RLUIPA) violation.

22         In order to establish a free exercise violation, a prisoner must show a defendant

23   burdened the practice of his religion without any justification reasonably related to

24   legitimate penological interests*. See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir.

25   2008).

26         Section 3 of RLUIPA provides: "No government shall impose a substantial burden on

27   the religious exercise of a person residing in or confined to an institution, as defined in

28   section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even

2

**United States District Court**
For the Northern District of California

1  if the burden results from a rule of general applicability, unless the government

2  demonstrates that imposition of the burden on that person (1) is in furtherance of a

3  compelling governmental interest; and (2) is the least restrictive means of furthering that

4  compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

5        Plaintiff has failed to connect the alleged constitutional violation to several

6  defendants, who will be dismissed from this action as there only involvement was being

7  sent grievances.  There is no constitutional right to a prison administrative appeal or

8  grievance system.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v.*

9  *Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Defendants who simply showed disrespect to

10  plaintiff's religion will also be dismissed as this fails to state a claim.  *See Freeman v.*

11  *Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (allegations of verbal harassment and threats fail

12  to state a claim cognizable under 42 U.S.C. § 1983).[1]

**CONCLUSION**

13

14        1. Claims are **DISMISSED** against all defendants except for Muin Daily, Captain

15  Pulson and Deputy Sanchez.

16        2.  The clerk shall issue a summons and the United States Marshal shall serve,

17  without prepayment of fees, copies of the complaint with attachments and copies of this

18  order on the following defendants: Muin Daily, Captain Pulson and Deputy Sanchez of the

19  San Francisco County Jail in San Bruno.

20        3.  In order to expedite the resolution of this case, the court orders as follows:

21        a.  No later than sixty days from the date of service, defendant shall file a

22  motion for summary judgment or other dispositive motion.  The motion shall be supported

23  by adequate factual documentation and shall conform in all respects to Federal Rule of

24  Civil Procedure 56, and shall include as exhibits all records and incident reports stemming

25  from the events at issue.  If defendant is of the opinion that this case cannot be resolved by

26

27      [1] Plaintiff has filed two prior actions concerning these same allegations that were
dismissed without prejudice for plaintiff's failure to update the court with his address. See No.
28  C 12-3427 PJH (PR) and No. C 09-5067 PJH (PR).

**United States District Court**

For the Northern District of California

1   summary judgment, she shall so inform the court prior to the date her summary judgment

2   motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

3           b.   At the time the dispositive motion is served, defendant shall also serve, on

4   a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d

5   952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4

6   (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and

7   *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss

8   for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

9           c.   Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

10   court and served upon defendants no later than thirty days from the date the motion was

11   served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING,"

12   which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.

13   1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

14       If defendant files an unenumerated motion to dismiss claiming that plaintiff failed to

15   exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

16   should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

17   which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th

18   Cir. 2003).

19           d.   If defendant wishes to file a reply brief, she shall do so no later than fifteen

20   days after the opposition is served upon her.

21           e.   The motion shall be deemed submitted as of the date the reply brief is

22   due.  No hearing will be held on the motion unless the court so orders at a later date.

23       4.   All communications by plaintiff with the court must be served on defendant, or

24   defendant's counsel once counsel has been designated, by mailing a true copy of the

25   document to defendants or defendants' counsel.

26       5.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

27   No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

28   parties may conduct discovery.

6.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 5, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Allen2938.serve.wpd

United States District Court
For the Northern District of California

5

United States District Court
For the Northern District of California

1

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

2     If defendants move for summary judgment, they are seeking to have your case

3 dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil

4 Procedure will, if granted, end your case.

5     Rule 56 tells you what you must do in order to oppose a motion for summary

6 judgment. Generally, summary judgment must be granted when there is no genuine issue

7 of material fact--that is, if there is no real dispute about any fact that would affect the result

8 of your case, the party who asked for summary judgment is entitled to judgment as a matter

9 of law, which will end your case. When a party you are suing makes a motion for summary

10 judgment that is properly supported by declarations (or other sworn testimony), you cannot

11 simply rely on what your complaint says. Instead, you must set out specific facts in

12 declarations, depositions, answers to interrogatories, or authenticated documents, as

13 provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

14 documents and show that there is a genuine issue of material fact for trial. If you do not

15 submit your own evidence in opposition, summary judgment, if appropriate, may be entered

16 against you. If summary judgment is granted, your case will be dismissed and there will be

17 no trial.

18

19

**NOTICE -- WARNING (EXHAUSTION)**

20     If defendants file an unenumerated motion to dismiss for failure to exhaust, they are

21 seeking to have your case dismissed.  If the motion is granted it will end your case.

22     You have the right to present any evidence you may have which tends to show that

23 you did exhaust your administrative remedies.  Such evidence may be in the form of

24 declarations (statements signed under penalty of perjury) or authenticated documents, that

25 is, documents accompanied by a declaration showing where they came from and why they

26 are authentic, or other sworn papers, such as answers to interrogatories or depositions.

27     If defendants file a motion to dismiss and it is granted, your case will be dismissed

28 and there will be no trial.